Judge Nicholas
delivered the Opinion of the Court
from which Judge Underwood dissented.
James T. Edgar, the son of Henry Edgar, a bastard, having derived a tract of land by descent from his father, died, under the age of, twenty one, without issue; and the land is now the subject of contest, between the mother of James T. Edgar, and a purchaser from the legitimate children of Henry Edgar’s mother. It does not distinctly appear, which died first — James T. Edgar, or his paternal grandmother; but the inference is that she did.
The case turns upon the question, whether the chibdren of Henry Edgar’s mother, are his brothers and sisters, within the meaning of the fifth section of the statute of descents ; which provides, that, where an infant shall die without issue, having title to real estate, derived by descent from the father, the mother of such infant shall.not succeed thereto, if there be living any brother or sister of the father.
As by the rules of the common law, a bastard had no inheritable blood, and could neither receive from, nor transmit an inheritance to, his father, mother, brothers or sisters, it is very clear there can lie no pretence for the claim here asserted in behalf of the children of Henry Edgar’s mother, if those rules are still in force. For the act can only be presumed to speak in reference to such brothers and sisters, as would have inherited, provided the father of the infant had died intestate and childless. But, it is supposed, that the eighteenth sec *364 tion of the statute of descents has changed the common law rules as to bastards, in this particular.
In making title by descent, it shall be no bar to a demandant, that any ancestor, through whom he derives his descent from the intestate, is or hath been an alien. Bastards, also, shall be capable of inheriting, or transmitting inheritance, on the part of their mother, in like manner as if they had been lawfully begotten of such mother.”
The same clause in the Virginia statute of descents, came under the consideration of the Supreme Court of the United States, in the case of Stevenson’s heirs vs. Sullivant, 5 Whea. 207, in a case exactly like this; and it was construed by that court, not to transfer the estate of a legitimate child, to its bastard brothers and sisters by the mother’s side. The true legal exposition of the words used, was held to be, that bastards shall have a capacity to take by descent, immediately from or through their mother, in the ascending line, and ol transmitting the same to their line, as descendants, in like manner as if they were legitimate. The object of the legislature was deemed to have been, to remove the impediment to the transmission of inheritable blood from the bastard, in the descending line, so far as regards a maternal inheritance, and to give him a capacity to inherit, in the ascending line, from and through his mother. “ But,” says the court, u although her children are, in these respects, quasi legitimate, they are, nevertheless, in all others bastards, and as such, they have, and can have, neither father, brothers or sisters.”
To permit bastard brothers and sisters to inherit from each other, in the manner and to the extent contended for, would require a paraphrase of the statute, something like this. “ Bastards shall be capable of inheriting from their mother and her kindred, and she and her bastard children, and other kindred, shall be capable of inheriting from her bastard children, in the same manner as if the bastards had been lawfully begotten of such mother.The language used is so unlike this, and falls so far short of it, that it appears to us a vain effort to attempt to construe the two modes of expression, int» *365 terms of equivalent import. But even though the language used could be so far strained, as to be made to come up to the supposed legislative intent, yet, as the construction of the Supreme Court gives legal effect to all the words used, and as there would be danger of exceeding the legislative intention by straining them beyond their fair or necessary legal import, we should still deem it safest, to adopt the restricted interpretation of that court.
DISSENT, by Ju<%® Under-holds, that the 18111 sectl°<‘ °f scents, of¿796, places bastards upon tue same footing, in ail ^^’inherí tance on the that are legitimate*
The judgment must be affirmed, with costs
Judge Underwood dissenting.