JUDGE STITES
delivered the ohnion of the court:
Charles Ramsey died in Union county in 1854, seized of a considerable estate in land and slaves, but leaving, neither wife nor children.
This action was brought by the children of his deceased brothers, William and Alexander Ramsey — claiming to be his solé heirs-at-law — for a sale and distribution of his estate.
Pending the action, John Allen, the appellant, came in by petition, and asserted claim to a distributable share of the estate as one of the children of Nancy Allen, deceased, formerly Nancy Ramsey, sister of Charles Ramsey, who, it seems, had departed this life some years before her brother.
The other heirs avowed a willingness that he should have his share of the estate if he was legally entitled; but said they had no knowledge or information that he was an heir, and demanded proof thereof.
The evidence adduced in support of his claim, established beyond doubt that he was a son of Nancy Ramsey, a sister of Charles Ramsey, but also, as clearly, that he and his brothers and sisters were all bastards — not being born in wedlock. Upon this state of fact the circuit court dismissed him with costs; and of that judgment he complains.
The case turns upon the effect to be given to the 5th section of chap. 30 of the Revised Statutes, (p. 280,) which reads as follows : “ Bastards shall be capable of inheriting and transmitting an inheritance'on the part of or to the mother, and bastards of the same mother shall be capable of inheriting and transmitting an inheritance, on the part of each other, as if such bastards were born in lawful wedlock of the same parents.”
This section embodies substantially the provisions of section 18 of the act of 1796, (1 Stat. Law, 565,) and of the act of 1840, *637 (3 Stat. Law, 211,) relating to the same subject. It unites both in one, but makes no change in either.
The act of 1796 declares that “bastards, also, shall be capable of inheriting or transmitting inheiitance on the part of their mother, in like manner as if they had been lawfully begotten of such mother.” And that of 1840 declares “ that the mother shall be, and is hereby, rendered capable to inherit and take by descent or distribution of her bastard child; and brothers and sisters, of the same mother, born out of wedlock, shall be capable to inherit, and take by descent or distribution from each other, as though born in wedlock, and as brothers and sisters of the whole blood.”
The claim here is based upon the ground that the appellant; though a bastard, inherits from his mother’s brother, through, or, as the statute has it, “on the part of” his mother. Or, in other words, that inasmuch as his mother, if alive at the death of her brother, would have taken, he, by virtue of the statute, takes “on her part” as though born in wedlock.
It is obvious from the phraseology of the section under consideration, as has been stated, that the revisors made no. change in the law in respect to the inheritable rights of bastards, nor intended to make any. They must have known the construction and effect which had been given to the act of 1796; and if they had designed in any way to enlarge or extend the privileges of that class of persons, it is presumable that such inten-’ tion would have been expressed in an unequivocal manner, and not left to inference or construction.
In the absence of such expression of intention, and with the belief that the acts of 1796 and 1840 {supra) have not been altered by the Revised Statutes, it is only necessary to inquire what construction and effect have been heretofore given to the former act — for it alone applies to this case.
For, as was said by Chancellor Kent in Yates’ case, (4 Johnson, 359,) when construing the New York revision, and which saying was referred to and approved of by this court at the present term., in Overfield vs. Sutton, (ante, page 621,) “ where a law, antecedently to a revision of the statutes, has been settled by judicial construction, such construction should be given to *638 the regulation on the same subject in the revision, unless there is a manifest intention of the legislature that a different one should prevail.”
The act of 1796 has been construed by this court to allow bastards to take and pass an inheritance from or through their mother only in the direct descending or ascending line. And it has been decided that such persons, under the act of 1796, have no legal kindred except in the descending line from themselves, or in the ascending line through their mother. (Scroggin vs. Allen, 2 Dana, 363; Stover vs. Boswell, 3 Dana, 234; Remington vs. Lewis, 8 B. Mon., 606.) The act of 1840 relates to a different state of case, and makes no change whatever in that of 1796, as decided in Remington vs. Lewis, (supra.)
So that no room is left for doubt as to the effect to be given to the 5th section of the Revised Statutes, {supra.) This construction works a seeming hardship in the present ease, but such hardships furnish no ground for disturbing well settled rales affecting the rights of property.
Appellant’s claim as a collateral heir, or as the child of his mother, who would, if alive, have been a collateral heir of her brother, is not maintainable under the law as it now stands, and the circuit court very properly dismissed him.
Judgment affirmed.