CASE 32—PETITION EQUITY—JUNE 16.

# Berry vs. Owens' heirs.

### APPEAL FROM MADISON CIRCUIT COURT.

1.  O. survived his sister and her only child, an illegitimate daughter.
    B., son of this illegitimate daughter of O.'s sister, cannot inherit
    from, or be a distributee in the estate of O., who died intestate, and
    without descendants. It would be otherwise if the illegitimate
    daughter had been legitimated by the marriage of her mother, and
    by recognition; or if O. had been illegitimate, or if his sister had
    survived him.

2.  In the suit for the distribution of the estate of O., some of the dis-
    tributees conceded, whilst others denied, the claim of B., the son of
    O.'s illegitimate niece.  The circuit court ought to have recognized
    B. as a co-distributee of the portion allotted to those consenting
    thereto.  The judgment of the circuit court against B. is reversed,
    with directions to permit amendatory pleadings and proof upon
    questions suggested in the opinion.

BURNAM & CAPERTON,                                For Appellant,
                         CITED—

1 *B. Mon.*, 632 ; *Ramsey vs. Allen.*

2 *Kent.*, 212.

8 *Laws.* (*Va.*) *Reports ; Garland vs. Hanson.*

15 *Grattan ; 10 B. Mon. ; Black vs. Cartnell.*

3 *Dana*, 233 ; *Stover vs. Boswell's heirs, &c.*

2 *Dana*, 365 ; *Scroggin vs. Allen.*


S. TURNER,           .                           For Appellees,
                         CITED—

*Revised Statutes, sec. 5, chap. 30.*

*Act of 1796, sec. 18, Statute Laws, 565.*

1 *Met.*, 635 ; *Allen vs. Ramsey's heirs.*

2 *Dana*, 363 ; *Scroggin vs. Allen.*

5 *Wheaton*, 207 ; *Stevenson's heirs vs. Sullivant.*

8 *B. Mon.*, 606 ; *Remington vs. Lewis.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT: ·

In January, 1867, John Owens, of Madison county, Kentucky, owning an estate estimated at forty-six thousand three hundred and forty-one dollars and thirty-one cents, died intestate, wifeless and childless, leaving a large number of collateral kindred, who claim distribution as his legal heirs and distributees; and this suit in equity was brought to divide the estate among those entitled to it. Among the claimants is the appellant, Thomas J. Berry, whose deceased mother seemed to have been the illegitimate and only child of Barthona Owens, who was a sister of the intestate. Some of the claimants contested his right, and others did not controvert, but conceded it. In the decree for distribution he was pretermitted, and, by this appeal, seeks a reversal of the judgment.

The appellant's mother was, at her birth, certainly illegitimate, and her mother, who afterwards intermarried with one *Cruise,* had died before the death of her intestate brother; and the record, as imperfectly presented, does not show that Cruise was the putative father of the appellant's mother and legitimated her by recognition.

In this apparent phase of the case the appellant's mother must be treated as illegitimate, and could not inherit any portion of the intestate's estate through her mother, who never acquired any vested interest therein, as she did not survive him; had she done so, her illegitimate daughter would have been entitled to her por-

tion as her heir.   But, according to the facts as now appearing, the recognized interpretation of the statutory law on this subject might exclude the appellant from legal participation in the distribution of the intestate's estate.   Still, so far as his right was conceded by the pleadings, it seems to us that the circuit court ought to have recognized him as a co-distributee of the portion allotted to those consenting thereto; and, therefore, the judgment as to him, to the extent of that allotment, is reversed.   But, in remanding the case, now crudely presented, we will allow amended pleadings and further proceedings for certifying the following points left in some doubt and confusion: 1st. Was the mother of appellant ever legitimated? 2d. As the hinted illegitimacy of the intestate himself would change the order of distribution, and make the appellant a distributee, was the intestate legitimate?

Judgment reversed, and cause remanded for further proceedings, as herein indicated.