CASE 78—EQUITY—MARCH 27.

# Jackson v. Jackson.

APPEAL FROM DAVIESS CIRCUIT COURT.

A bastard cannot inherit through his mother from her ancestors.

OWEN & ELLIS FOR APPELLANT.

The appellee, a bastard, cannot inherit through his mother from her
ancestors. (8 Dana, 121; 1 Blackstone, 378; 2 Bouv. Inst., 354;.
Schoneir's Dom. Rel., 379; 2 Kent's Com., 229; 1 Coke, 116; 42
Conn., 491; Gen. Stat., 370; Berry v. Owen, 5 Bush, 452; 1 Met.,.
636; Scroggin v. Allen, 2 Dana, 363; Remmington v. Lewis, 8 B.
Mon., 606.)

C. K. THARP FOR APPELLEE.

The appellee, although a bastard, is the heir of his mother, and can.
inherit from her ancestor. (Gen. Stat., chap. 31, secs. 18, 2, 5;
Scroggin v. Allen, 2 Dana, 363; 8 B. Mon., 606; 42 Conn., 491;.
Am. Rep., vol. 19, 353; 6 Vermont, 83; 5 Wheat., 207; 4 Ohio,.
354; 2 Disney, 158; Reeve on Descent, 96.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

It must now be regarded as the settled law of this state:
that a bastard cannot inherit from collaterals from whom his.
mother, if living, would have inherited. (Allen v. Ramsey,
1 Met., 635, and authorities there cited; Berry v. Owens,.
5 Bush.)

And it would seem to follow, as a necessary logical se--
quence, that he cannot inherit from the ancestors of his.
mother.

The language of the statute is, that "bastards shall be:
capable of inheriting and transmitting an inheritance on the·
part of or to the mother."

In the decisions heretofore rendered to the effect that a.
bastard cannot inherit from collaterals through the mother,
the words "on the part of the mother" have been held not
to be equivalent to the words "through the mother." In

other words, "on the part of" the mother seem to have been regarded as signifying no more than "from the mother." And this construction is somewhat fortified by the fact that a bastard can only transmit an inheritance in the ascending line "*to* his mother."

There are some expressions in Scroggins v. Allen, 2 Dana, 363; Remmington v. Lewis, 8 B. Mon., 606, and Allen v. Ramsay, 1 Met., 635, which seem to indicate that a bastard may inherit through his mother from her ancestors; but no such question was presented in any of the cases, and it seems unreasonable to suppose that the legislature intended to give to an illegitimate the right to inherit through his mother from the mother's ancestors and not from her collaterals; and, in order to preserve harmony in the construction of the statute, we are compelled to hold that a bastard can not inherit through his mother from her ancestors.

Counsel cite cases from the decisions of other states, some of them construing statutes not very dissimilar to our own, in which a different conclusion has been reached, and one (Dickinson's Appeal, 42 Conn., 491) in which the whole common law doctrine in respect to the incapacity of bastards to inherit from and through their mothers is rejected, without the aid of a statute.

But, on the other hand, the interpretation given to our statute in former decisions is supported by the decision of the supreme court of the United States in Stephenson v. Sullivant, 5 Wheat., 207, and by the supreme court of Massachusetts. (Curtis v. Hewens, 11 Met., 294.)

Wherefore, the judgment is reversed, and cause remanded, with directions to dismiss the petition.