CASE—41—PETITION EQUITY—MAY 10.

## Sutton, &c., v. Sutton, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. RIGHT OF LEGITIMATE CHILDREN OF BASTARDS TO INHERIT.—The statute providing that bastards of the same mother shall be "capable of inheriting and transmitting an inheritance on the part of each other" places them upon the footing of legitimate brothers and sisters as to each other; and the statute of descents applicable to legitimate brothers and sisters applies between them and to their legit-

Sutton, &c., v. Sutton, &c.

imate descendants. Therefore, the legitimate children of a bastard take what he, if alive, would have taken from an illegitimate brother of the same mother.

2. CONSTRUCTION OF STATUTES.—The rule of the common law that statutes in derogation thereof are to be strictly construed, by an express provision of the General Statutes, does not apply to that revision.

JOHN YOUNG BROWN, THOMAS E. WARD AND EDWARD W. HINES FOR APPELLANTS.

The child of a bastard, although legitimate, can not inherit from the bastard brother or sister of his bastard parent. The statute enabling bastard brothers and sisters of the same mother to inherit from each other does not enable the children of a bastard who is dead to inherit from the bastard brothers and sisters of the deceased parent. (General Statutes, chapter 31, section 5; Lathrobe v. Bank of Sciota, 8 Dana, 121; Blackstone, volume 1, page 569; Ibid., volume 2, page 247; Stevenson, &c., v. Sullivan, 5 Wheat., 260; Scroggins v. Allen, 2 Dana, 363: Stores v. Boswell, 3 Dana, 233; Remington v. Lewis, 8 B. M., 609; Jackson v. Jackson, 78 Ky., 390; Allen v. Ramsey, 1 Met., 635; Black v. Cantrell, 10 B. M., 188; Curtis v. Hewins, 11 Met., 294; McCormick v. Cantrell, 56 Am. Rep., 265; 7 Yerg., 615; 64 Pa. St., 493; Tribble v. Paul, 7 Mon., 455; Doe v. Bates, 6 Blackford, 533; Bent v. St. Vrain, 30 Mo., 268; Steckel's Appeal, 64 Pa. St., 493.)

YEAMAN & LOCKETT AND S. B. & R. D. VANCE FOR APPELLEES.

The legitimate descendants of a deceased bastard can take by inheritance any estate which the bastard, if living, could have taken. (General Statutes, chapter 31, section 5; Ibid., chapter 31, sections 1 and 2; Remington v. Lewis, 8 B. M., 606; Berry v. Owens, 5 Bush, 543; 1 Stat. Law, 561-564; Allen v. Ramsey's Heirs, 1 Met., 635.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This appeal presents but one question. Can the legitimate children of a bastard inherit from the bastard brother of their parent, who dies after the death of such parent?

At the common law a bastard is *nullius filius.* Blackstone says that he is of kin to no one; derives no inheritable blood from any one, and can, therefore, neither be heir to any one, or have heirs, save of his

own body.  It was provided, however, by our statute
of descents in 1796 :

"Bastards also shall be capable of inheriting or
transmitting inheritance on the part of their mother,
in like manner as if they had been lawfully begotten
of such mother."  (1 M. & B., 565.)  This was the
first innovation upon the common law rule in this
State.  It was copied *verbatim* from the Virginia stat-
ute of 1785 ; and in the case of Stevenson's Heirs v.
Sullivant, 5 Wheaton, 207, where bastards claimed to
inherit from a legitimate brother, the Supreme Court
of the United States construed it as meaning only
that bastards "shall have a capacity to take real prop-
erty by descent immediately or through their mother
in the ascending line, and transmit the same to their
line as descendants, in like manner as if they were
legitimate."

This court considered it in 1834 in the case of Scrog-
gin v. Allen, &c., 2 Dana, 363.  Henry Edgar, a bas-
tard, died, leaving a legitimate child, to whom his land
descended, but who died in infancy.  The mother of
the bastard was also dead, and the question was,
whether his legitimate brothers and sisters or his wife
took the estate.  This court followed the Supreme
Court, holding that the statute only permitted the
bastard to inherit from the mother, and transmit an
inheritance to his own issue ; and while to this extent
*quasi* legitimate, yet in all other respects he was a
bastard, the mother being unable to take from him,
and he being in law without father, brothers or sisters.
Thus the law remained until 1840, when another change
was made.  The act then passed provides:

"That the mother shall be, and is hereby, rendered capable to inherit and take by descent or distribution, as heir or distributee of her bastard child; and brothers and sisters of the same mother, born out of wedlock, shall be capable to inherit, and take by descent or distribution from each other, as though born in wedlock, and as brothers and sisters of the whole blood." (Lough. Digest, page 211.)

In Remington v. Lewis, 8 B. M., 606 (1848), it was said that the statute as thus amended permitted the mother to inherit from her illegitimate child and her illegitimate children from each other; but the question there was, whether the legitimate brother of the bastard, or the latter's wife, should take; and it was held that it did not operate to establish a right either in the illegitimate children to inherit from the legitimate, or in the legitimate to take from the illegitimate. The bastard under this construction has, under the law of descent, no brothers or sisters, save the illegitimate children of the same mother.

The acts of 1796 and 1840 were, in substance, incorporated into the Revised Statutes (1852), and also into the present General Statutes (1873). The provision is the same *verbatim* in each, and reads thus: "Bastards shall be capable of inheriting and transmitting an inheritance on the part of or to the mother; and bastards of the same mother shall be capable of inheriting and transmitting an inheritance on the part of each other, as if such bastards were born in lawful wedlock of the same parents."

It was said in Allen v. Ramsey's Heirs, 1 Met., 635 (1858), that this statute embraces all the provisions of

both the act of 1796 and that of 1840, so far as they relate to bastards; but the question in this case was, whether *a bastard* (his mother being dead) could take as the heir of the mother's brother; and the claim was rejected.

In Berry v. Owens' Heirs, 5 Bush, 452, O survived his sister, and her only child, an *illegitimate* daughter. It was decided that B, the son of the illegitimate daughter, could not inherit from O, who died intestate and without descendants. The record in this case was an imperfect one; and, doubtless owing to this fact some portions of the opinion are not only wanting in that clearness of statement for which the writer was justly distinguished, but go beyond the question presented. It is evident, however, that the case now presented is unlike it.

In Jackson v. Jackson, 78 Ky., 390, it was held that *a bastard* can not inherit through his mother from her ancestors or collaterals.

We have briefly noticed the above cases by way of calling attention to the fact that they are unlike the one now before us. In the most of them the right of *a bastard* to inherit was in issue. Here the *legitimate* heirs of parents, who, if alive, would take, are asserting a right to the inheritance. We must not confound the law applicable to *bastards* with that applicable to the *legitimate* children of a bastard. If the appellees in this case were bastards, undoubtedly they could not inherit from the brother of their deceased parents; but being legitimate, why do they not succeed to all the inheritable rights of their parents? The latter and the intestate were all bastards by the same mother. This

being so, they could, by the express language of the statute, inherit from each other. It says : "*Bastards of the same mother shall be capable of inheriting and transmitting an inheritance on the part of each other, as if such bastards were born in lawful wedlock of the same parents.*"

It is urged that the bastardy of the parents stopped the current of inheritable blood. While this is true at common law, yet the statute has declared that it shall flow on as between bastards by the same mother, and that they shall inherit from each other. It legitimates bastard children by the same mother, first as to their mother, and second as to each other. It puts them upon the footing of legitimate brothers and sisters as to each other ; and the statute of descent applicable to legitimate brothers and sisters, therefore, applies as between them and to their legitimate descendants. It follows from this, in our opinion, that the legitimate child of a deceased bastard may inherit from the bastard's mother ; and that such a child succeeds to the parent's right of inheritance from a bastard brother or sister. The legitimate child of a bastard has all the rights of any child as to the parent; and the bastard parent can transmit to his or her legitimate child all the rights he or she has, equally with any other parent. Among them is the right to inherit from a bastard brother or a bastard sister; and if they are brothers and sisters in contemplation of law, it follows logically that the legitimate child of a deceased one should succeed to the inheritance that would have belonged to the parent were he or she alive. This is equitable.

It is contended that the statute is in derogation of the common law; that it should, therefore, be construed strictly; and that while it permits bastards by the same mother to inherit and transmit an inheritance "on the part of each other," that yet the legitimate children of one of them cannot take what the parent would have inherited if alive, because the statute does not expressly say so. Section 16, chapter 21, of the General Statutes, however, provides: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, is not to apply to this revision; on the contrary, its provisions are to be liberally construed, with a view to promote its objects."

To say that the legitimate offspring of a bastard shall not take what he would have inherited, if alive, would not only be unjust but unreasonable. If, as we think, the effect of the statute be to make bastard children by the same mother legal brothers and sisters as to inheritance from each other, then it follows that not only the spirit, but even the letter of our statute of descents, gives to the legitimate children of one of them, *per stirpes*, the portion the parent, but for his or her death, would have inherited.

Judgment affirmed.