## Kimmel v. Williams, et al.

(Decided January 21, 1927.)

### Appeal from Ballard Circuit Court.

1. Bastards—Bastard Cannot Inherit from Father, Unless on Marriage of Parents and Recognition (Ky. Stats., Section 1397).— Bastard, though capable of inheriting from his mother, under Ky. Stats., section 1397, is not capable of inheriting from his father, unless his father marries his mother and recognizes him as his child either before or after marriage.

2. Bastards—Evidence Held to Show Illegitimacy of Plaintiff Suing as Heir to Sell Land for Indivisibility.—In action by plaintiff as heir for sale of land of deceased on ground of indivisibility, evidence held to show that plaintiff was illegitimate.

3. Appeal and Error—Reading Portion of Deposition Only Held Not Error, where Record did Not Show Objection or Request that Entire Deposition be Read.—In action by plaintiff as heir to sell land of deceased as indivisible, permitting defendants to read portion of deposition containing cross-examination without reading remainder held not error, where record did not show objection or request that entire deposition be read.

J. B. WICKLIFFE for appellants.

WM. HENDERSON for appellees.

Opinion of the Court by Chief Justice Clay—
Affirming.

At the time of his death Henry Sherrill was the
owner of a tract of land in Ballard county. Alleging in
substance that they were the daughters of Henry Sher-
rill, and that David Williams was a grandson, and that
the three were the only heirs of Henry Sherrill, Emily
Kimmel and Rose Woods brought this action against
David Williams and his wife for a sale of the land on the
ground of indivisibility. On motion of Rose Woods her
name was stricken as a party plaintiff and she was after-
wards made a party defendant. The defendants denied
the allegations of the petition and pleaded, in substance,
that Emily Kimmel was born out of lawful wedlock and
that Henry Sherrill was never married to her mother.
Depositions were taken, and on final hearing the petition
was dismissed. Emily Kimmel appeals.

Under the law prevailing in this state, a bastard,
though capable of inheriting from his mother, is not cap-
able of inheriting from his father, unless his father shall
afterwards marry his mother and recognize him as his
child either before or after the marriage. Willoughby v.
Motley, 83 Ky. 297; Stein's Adm'r v. Stein, 106 S. W.
860; Sutton v. Sutton, 87 Ky. 216; Section 1397, Kentucky
Statutes. Therefore, the only question for determination
is whether the evidence was sufficient to show appellant's
illegitimacy. Her evidence went no further than to show
that she was the daughter of Henry Sherrill. Though
several other depositions appear to have been taken by
her, they were not read on the trial. On the other hand,
appellees read the cross-examination of A. L. Newman,
who deposed that Henry Sherrill was married only once
and then to Aunt Polly Sherill; that the only children
born of this marriage were Rose Sherrill Woods and Har-
riet Sherrill; that appellant was the child of Aunt Baker
Sherrill, to whom Henry Sherrill was never married, and
that she was several years of age when her father mar-
ried Aunt Polly. As this evidence was not contradicted
by appellant, and she declined to read any of the other
depositions taken on her behalf, we conclude that the evi-
dence was sufficient to establish her illegitimacy.

But, appellant insists that the court erred in permit-
ting appellees to read the cross-examination of A. L.
Newman without reading his entire deposition. All that

need be said in reply to this contention is that the record does not disclose that appellant asked that the entire deposition be read, or that she made any objection to the reading of that portion of the deposition containing only the cross-examination of the witness.

Judgment affirmed.