ROBERT W. MESSER, Appellant,

*vs.*

CHARLES D. JONES, Administrator.

Knox.    Opinion January 16, 1896.

*Title by Descent.    Illegitimates.    R. S., c. 75, §§ 2, 3, 4; Stat. 1887, c. 14.*

The provisions of statute in force at the time of the decease of a person intestate determine the rights of the heirs to the distribution or descent of his estate, and also who are entitled to inherit as heirs.

By R. S., c. 75, §§ 3 and 4, repealed in 1887, an illegitimate child could, under certain conditions, inherit from the lineal or collateral kindred of his father,

but could not in any event inherit from the lineal or collateral kindred of his mother.

Chapter 14, Public Laws of 1887, so far modifies the law in relation to illegitimates as to allow an illegitimate child to inherit from the lineal and collateral kindred of the mother as well as of the father, under certain conditions, as if legitimate.

The term " kindred," as employed in the statute, must be construed in reference to the particular statute in which the term is used.

AGREED STATEMENT.

This was an appeal from a decree of the judge of probate of the county of Knox, made and passed at a probate court held at Rockland on the third Tuesday of June, A. D., 1894, appointing Charles D. Jones, the respondent, to be administrator of the estate of Amanda Shepard, late of Union in said county of Knox, deceased.

The case was submitted to the law court upon the following agreed statements :

Said Charles D. Jones was appointed administrator upon the petition of Sarah A. Stratton and others whom, it is admitted, are first cousins of said intestate, and who claim to be the lawful heirs of said intestate.

Robert W. Messer, the appellant, claims that he and his brother, Ambrose P. Messer of Boston, Massachusetts, and his sister, Eliza E. Cooper of Jefferson, in the county of Lincoln, are the sole heirs of said intestate and the only persons interested in her estate.

The appellant for himself and also in behalf of his said brother and sister appeared at the probate court and objected to the appointment of an adminstrator upon the above named petition.

It was admitted that the appellant seasonably filed in the probate office notice of his appeal and seasonably filed his reasons of appeal and that the same were seasonably and lawfully served upon the respondent ; and that a sufficient bond of appeal was seasonably filed.

The reasons of appeal filed by the appellant were as follows :
" 1. Because said Charles D. Jones was not appointed such administrator upon the petition of any person or persons interested in said estate.

"2. Because neither of the said petitioners, upon whose petition said Charles D. Jones was appointed such administrator, was interested in said estate either as next of kin, heirs, creditors or otherwise.

"3. Because said petitioners are cousins of said deceased, and said Robert W. Messer, and Ambrose P. Messer of Boston, Mass., and Eliza E. Cooper of Jefferson, Maine, are nephews and niece and only next of kin and sole heirs of said deceased."

Said Amanda Shepard died intestate on the seventeenth day of April, A. D., 1894, without issue, leaving neither husband, father, mother, sister nor brother. Said intestate was the legitimate child of Daniel Shepard and Alice Shepard, his wife, whose name before her marriage to said Shepard, was Alice Messer.

Daniel Shepard and Alice Messer were lawfully married April 23, 1802, and had eight legitimate children, one of whom died in infancy, and the remainder of whom lived to become of age. Neither of said children ever married and neither of them ever had children. All the brothers and sisters of said intestate died before her death. The intestate was born April 30, 1819. Said Daniel Shepard died January 10, 1851, and said Alice Shepard died November 20, 1863.

The appellant, said Robert W. Messer, and the said Ambrose P. Messer and said Eliza E. Cooper are the legitimate children of Parker Messer, who died before the death of said intestate.

Said Parker Messer was the illegitimate child of said Alice Messer and was born on the twenty-fourth day of June, 1800, and lived until about ten years old with an uncle and afterwards until he became of age in the family of one Daniel McCurdy.

The intestate and her brothers and sisters who lived to become of age, during their lifetime, continued to live together in one family and her estate is substantially the accumulation of her said brothers and sisters and herself.

If, upon the foregoing statement of facts, the said Robert W. Messer, Ambrose P. Messer and Eliza E. Cooper were decided to be lawful heirs of the intestate, Amanda Shepard, the appeal was to be sustained and the decree appealed from, was to be

reversed. Otherwise, the appeal was to be dismissed and the decree affirmed.

*W. H. Fogler*, for appellant.
*T. P. Pierce*, for respondent.

SITTING : PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, WISWELL, JJ.

FOSTER, J.    Appeal from a decree of the judge of probate of the county of Knox, appointing the respondent administrator of the estate of Amanda Shepard, upon the petition of the cousins of the intestate who claim to be her next of kin and heirs at law.

The appellant, and his brother and sister, Ambrose P. Messer and Eliza E. Cooper, claim to be the sole heirs of the intestate, and the only persons legally interested in her estate.

It is agreed that if the cousins are the lawful heirs of the intestate the decree of the probate court is to be affirmed. If they are not, the same is to be reversed.

The question to be determined is, whether the appellant and his brother and sister are lawful heirs of the intestate, Amanda Shepard.

Daniel Shepard was married in 1802 to Alice Messer. There were eight children as the result of this marriage, of whom the intestate was one, and neither of whom was ever married, and neither had children. Amanda Shepard, the intestate, died in 1894, having survived her father, mother, brothers and sisters.

Alice Messer, mother of the intestate, two years before her marriage to Daniel Shepard, gave birth to an illegitimate son whose name was Parker Messer, the father of the appellant, Robert W. Messer, Ambrose P. Messer and Eliza E. Cooper.

The appellant and his brother and sister claim through their father, Parker Messer, and who, as we have said, was an illegitimate son, having the same mother as the intestate.

Had Parker Messer been legitimate his children would be the sole heirs of the intestate, for nephews and nieces are one degree nearer in kinship than cousins. Computed by the rules of the

civil law a nephew stands in the third and a cousin in the fourth degree of kinship.

But in order to inherit under the common law, this kinship must be of legal inheritable blood. At common law an illegitimate child has no inheritable blood, and no rights of property can be traced through him.

Notwithstanding the statute relating to descent (R. S., c. 75, § 2,) provides that "kindred of the half blood inherit equally with those of the whole blood in the same degree," the term kindred under that statute means lawful kindred. *Hughes* v. *Decker*, 38 Maine, 153.

But the claim of the appellant is not based upon the rules of the common law, and he must, therefore, bring himself within the provisions of some positive statute enactment. And the provisions of statute in force at the time of the decease of a person intestate must determine the rights of the heirs to the distribution or descent of his estate, (*Hunt* v. *Hunt*, 37 Maine, 333,) as also who are entitled to inherit as heirs of a deceased person. No rules of the civil or common law, further than as they are adopted by the statute, can afford them any aid. The statute fixes its own rules, and by those rules we must be governed. The decision in this case, then, depends upon the proper construction of the statute in relation to the rights of illegitimate children in force at the time of Amanda Shepard's death, or ch. 14 of Public Laws of 1887, which is as follows :

"An illegitimate child born after March twenty-fourth, in the year of our Lord one thousand eight hundred and sixty-four, is the heir of his parents who intermarry. And any such child, born at any time, is the heir of his mother. And provided, the father of an illegitimate child adopts him or her into his family, or in writing acknowledges before some justice of the peace or notary public, that he is the father, such child is also the heir of his or her father. And in either of the foregoing cases, such child and its issue shall inherit from its parents respectively, and from their lineal and collateral kindred, and these from such child and its issue the same as if legitimate."

Inasmuch as Parker Messer, the illegitimate child and father of the appellant, was born prior to 1864, the rights of the appellant, and whether he is an heir of the intestate, must be determined by the construction and meaning of the remaining portion of the statute in question.

One provision of the act has remained unmodified, through all the various changes that have been made since its enactment in 1838, and that is in relation to the illegitimate being the heir of its mother. No act on the part of any one is required to make the child heir of the mother who bore it. The maternity can never be in doubt, while the paternity may be.

The history of legislation upon the subject, not only in this state but in most of the states of the union, shows a continual advancement and a breaking away from those antiquated English maxims in the direction of humanity and justice towards innocent and unoffending sufferers. There has been but one current and that has been steadily advancing towards a modification of the strict rules of the common law. Nevertheless, there has always existed a requirement of some positive act on the part of the putative father in order to make such illegitimate child heir of the father. As the statute now exists those requisites are either marriage, adoption, or acknowledgment. The *first* clause relates to illegitimate children born after a certain date ; the *second* clause prescribes the manner in which the guilty father may make his illegitimate child his heir by adoption, where no marriage has taken place between the parents ; and the *third* clause prescribes another mode by which the child may be made heir of his father, and that is by acknowledgment before a proper officer that he is the father of such child. One or the other of these requirements is indispensable to the right of inheritance or heirship through the father. It is plain from these provisions that the legislature did not intend or provide any means of making any person heir to a putative father without his consent or desire. But they did provide that certain acts must be done by the father in order to legitimate a child born out of lawful wedlock.

The case shows that Parker Messer was born in 1800, that he

was illegitimate; and although his mother married two years after the birth of her child, it is not claimed that Daniel Sheppard, her husband, was the father of the illegitimate.

No one of the statutory requirements necessary to render Parker Messer an heir of his putative father has been complied with. There was no marriage, adoption, or acknowledgment on the part of the putative father rendering the child heir of such father.

Upon what grounds then does the appellant base his claim of heirship? It is upon the last clause of the statute in question, which follows the several alternative conditions in relation to heirship through the father and mother, viz: "And in either of the foregoing cases, such child and its issue shall inherit from its parents respectively, and from their lineal and collateral kindred, and these from such child and its issue the same as if legitimate."

Before the passage of the present statute, which was enacted in lieu of sections three and four of chapter seventy-five of the Revised Statutes, an illegitimate child inherited from his father and mother the same as provided in the present statute.

But while by the Revised Statutes of 1883, an illegitimate child could, under certain conditions inherit from the lineal or collateral kindred of his father, yet he could not in any event inherit from the lineal or collateral kindred of his mother. The statute gave no such right. This discrimination against the right of such child to inherit through the mother was abolished by the act of 1887. After practically re-enacting the existing provisions of statute as to the right of such child to inherit from its parents, the act provides, "And in either of the foregoing cases, such child and its issue shall inherit from its parents respectively, and from their lineal and collateral kindred," etc.

The right thus given to the child to inherit from the kindred of his respective parents is co-extensive with his right to inherit from his respective parents.

The use of the word "respectively" strengthens the construction thus given to the statute. The word conveys the idea that such child shall inherit, in each case, from the parent or parents,

of whom the Act has declared him to be an heir, and from the kindred of such parent or parents.

The Act provides four cases in which the illegitimate child may become an heir of one or both parents. Then follows the provision that in either of the foregoing cases the child, so declared to be an heir, and its issue, shall inherit from its parents respectively, that is, from the parent or parents of whom he is by the Act declared to be the heir, "and from their lineal and collateral kindred."

It is contended on the part of the defense that the words "either of the foregoing cases" in the last clause should be held to refer to only the last two cases previously mentioned — adoption, or acknowledgment. While the word "either," according to the strictly accurate and authoritative signification of the word, relates to two units or particulars only, "it often in actual use, though inaccurately, refers to some one of many." Century Dict. Webster defines "either" as "one or another of any number." And this, in our opinion, was the sense intended by the legislature, and that the words "either of the foregoing cases" should be held to include each and every case previously named.

A construction limiting the words "either of the foregoing cases" to the last two cases as contended for by the defense;— adoption or acknowledgment,— would make the right to inherit from the kindred of the mother depend upon the will and act of the putative father, and would oftentimes work injustice and inequality; whereas, the rule is intended to be general and equal in its application.

The term "kindred," as employed in the statute under consideration, was undoubtedly intended to embrace cases like the present, and it is not necessarily to be confined to the sense in which is was applied in *Hughes* v. *Decker*, supra. The court was there considering its application under the general statute of descent and distribution; while here it must receive its application in relation to this particular statute relating to illegitimates. Under that statute we think that the appellant is one of the next of kin and heir of the intestate. Therefore, in accordance with

the stipulation in the agreed statement the appeal should be sustained, and the decree appointing Charles D. Jones administrator, reversed.

*Judgment accordingly.*