[No. 3443. Decided February 8, 1900.]

*In the Matter of the Estate of John Rohrer, Deceased: JOSEPH ROHRER, Appellant, v. THERESA MULLER, Respondent.*

ILLEGITIMATE CHILD—ACKNOWLEDGMENT OF PATERNITY.

Under Bal. Code, § 4624, providing that every illegitimate child shall be considered as an heir to the person who shall, in writing, signed in the presence of competent witnesses, have acknowledged himself to be the father of such child, it is sufficient that the acknowledgment be made for a collateral purpose, other than the express intention on the part of the parent of admitting the illegitimate child to heirship.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*Adolph Munter,* for appellant.

*John H. Roche,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—John Rohrer died intestate in the county of Spokane on the 1st day of May, 1899, being then a resident of said county, and leaving property therein. Respondent herein filed her application to be appointed administratrix, setting out in said petition that she was the daughter and the only child of the deceased, and that she was a married woman and of age. The appellant, Joseph Rohrer, a brother of the deceased, filed his application to be appointed administrator, setting out that the deceased was an unmarried man and had never been married, and

that he left no other brother or sister in the state of Washington; he also filed objections to the allowance of the petition of Theresa Muller on the grounds aforesaid. At the hearing of the case the appellant testified that the deceased was never married, but that he believed Theresa Muller was the daughter of the deceased. Respondent testified that she was the daughter of the deceased, and that, since 1885 and up to the time of her marriage, she had resided almost continuously with her father in the city of Spokane. Respondent offered in evidence a complaint signed and sworn to by the deceased in November, 1887, in a case brought by the deceased against one Frank Hurliman for the seduction of Theresa Muller, then seventeen years old, in which complaint it was alleged that the said Theresa Muller was the daughter of the said John Rohrer. The testimony showed that the deceased had signed the said complaint in the presence of witnesses. An affidavit was also introduced in the same case where an attachment was sought, in which it was alleged that the respondent was the daughter of the said John Rohrer. Upon the conclusion of the testimony the court found that the deceased had acknowledged the respondent to be his daughter, by written affidavits signed in the presence of a notary and the husband of the respondent, and that she was entitled to letters of administration; and the petition of respondent was granted and that of appellant denied. From this order and judgment Joseph Rohrer appeals to this court, and assigns as error the admitting in evidence the complaint in the case of Rohrer against Hurliman, and in admitting in evidence the affidavit in the same case, and the conclusion of the court that the deceased had acknowledged the respondent to be his daughter, by instruments in writing subscribed by him in the presence of witnesses.

Section 4624, Bal. Code, provides that every illegitimate child shall be considered as an heir to the person who shall, in writing, signed in the presence of competent witnesses, have acknowledged himself to be the father of such child.

It is contended that this acknowledgment in writing must be made for the purpose on the part of the parent of admitting the illegitimate child to heirship, and that a collateral acknowledgment in writing of this kind does not comply with the requirements of the statute.

We do not think such a construction can be placed upon the statute. The object of the legislature undoubtedly was the protection of the illegitimate child, to enable it to inherit its father's estate whenever there was proof of its paternity, and, to make certain that which would be difficult to determine by any other testimony, the law prescribes this character of proof; and we cannot think that the desire of the father, in making such a statement, that the child should inherit his estate, is the controlling idea of the statute. It might be that the father would desire to recognize his child for many other reasons, and, if such recognition were made for any reason, it ought to be sufficient to enable the child to heir the estate, and to place it, so far as the estate is concerned, on an equality in law with the legitimate children.

This question has really been decided in *In re Gorkow's Estate,* 20 Wash. 563 (56 Pac. 385), where the case of *Blythe v. Ayres,* 96 Cal. 532 (31 Pac. 915, 19 L. R. A. 40), was quoted with approval. It is thought by appellant that these cases can be distinguished from the case at bar, but we think they are exactly in point; and the question raised by the appellant here as to the formality of the acknowledgment and the intention of the parent is especially noticed by the court in *Blythe v. Ayres, supra,* in the following language:

"I also think it a wholly unauthorized construction of the statute to hold that the acts of recognition, acknowledgment, etc., necessary to legitimize a natural child should be performed with the express intention on the part of the father of accomplishing that object. If the acts are in themselves such as the statute prescribes I think they confer legitimacy without any reference to the intent with which they were performed."

In the case at bar the undisputed testimony shows that the respondent is actually the daughter of the deceased; the appellant himself testifies that he believes she is. The requirements of the statute have been met, and the judgment of the court was correct.

Affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.