## DAGGY ET AL. *v.* WELLS ET AL.

[No. 5,383. Filed December 14, 1905. Rehearing denied February 21, 1906. Transfer denied May 11, 1906.]

1. DESCENT AND DISTRIBUTION.—*Illegitimate Children.*—*Evidence.* —*Acknowledgment.*—*Statutes.*—An acknowledgment, prior to the taking effect of the act of 1901 (Acts 1901, p. 288, §2630a Burns 1901), of the paternity of an illegitimate child, is sufficient to enable such child to inherit under such statute. *Townsend* v. *Meneley*, 37 Ind. App. 127, followed. p. 28.

2. TRIAL. — *Instructions.* — *Defining "Acknowledgment."* — *Invasion of Province of Jury.*—*Descent and Distribution.*—The court has the right to instruct the jury as to what constitutes an "acknowledgment" of an illegitimate child, as provided by the act of 1901 (Acts 1901, p. 288, §2630a Burns 1901) providing that such child may, under certain conditions, inherit from the father. p. 29.

3. APPEAL AND ERROR. — *Weighing Evidence.* — The Appellate Court will not weigh conflicting oral evidence. p. 30.

From Jackson Circuit Court; *William T. Branaman,* Special Judge.

Suit by Rebecca A. Daggy and others against Lilly Wells and another. From a decree for defendants, plaintiffs appeal. *Affirmed.*

*S. B. Lowe, Brooks & Brooks* and *James F. Applewhite,* for appellants.

*Russell B. Harrison, J. E. Boruff, Frank Branaman* and *John C. Branaman,* for appellees.

WILEY, J.—Suit by appellants to quiet title to real estate. Appellees filed an answer in denial, and also filed a cross-complaint, asking that the title to the same real estate be quieted in them. To the cross-complaint appellants filed a denial. Trial by jury, resulting in a general verdict for appellees. With the general verdict the jury answered interrogatories submitted to them by the court. Appellants moved for judgment on the answers to interrogatories and also for a new trial, and these motions were overruled, and such rulings are assigned as errors.

Appellee Milton D. Wells is the husband of his co-appellee, and was made a party for that reason. Appellant Rebecca A. Daggy is the mother of Thomas O. Daggy, deceased, and the other appellants are his sisters. Appellee Lilly is his illegitimate child, and all the parties to this suit claim title to the real estate by virtue of descent from said Thomas O. Daggy, who was never married.

The controlling question presented by the record is identical to that involved and decided in the case of *Townsend* v. *Meneley* (1906), 37 Ind. App. 127, to wit: The

1. right of an illegitimate child to inherit from its putative father under the provisions of §2630a Burns 1901, Acts 1901, p. 288, where such father during his lifetime has acknowledged such child as his own. The exact point of contention here, as in the case cited, is whether the statute is effective and vests the title to real estate in such illegitimate child, if the acknowledgment of its paternity antedated the enactment of the statute. In that case we held that where the only acknowledgment of an illegitimate child by its father was prior to the date the statute took effect, it was, notwithstanding, sufficient to entitle such child to inherit thereunder. We still adhere to that decision and think the question was correctly determined. In this case, it affirmatively appears by an answer to an interrogatory that appellee's father never acknowledged her to be his child after the passage of the

amendatory act of 1901 (§2630a, *supra*), and it is upon this ground that appellants contend they are entitled to judgment on the answers to the interrogatories, notwithstanding the general verdict. Following the rule declared in the case of *Townsend* v. *Meneley, supra,* we hold that the motion for judgment was correctly overruled.

In a number of instructions, to which reference is made in argument, the same question is presented. After a careful consideration of all of the instructions, relating to this particular question, we have reached the conclusion that the court did not err in giving or in refusing to give the instructions of which complaint is made.

It is also urged by counsel for appellant that the court erred by invading the province of the jury "in telling them what it took to constitute acknowledgment." We think it was within the province of the court to tell the jury, by its instructions, what words, acts, etc., would constitute an acknowledgment on the part of the father whether he was the father of such illegitimate child, within the meaning of the statute. The only requirement of the statute, to entitle such illegitimate child to inherit, is that .the father "shall have acknowledged such child * * * as his own during his lifetime." What will constitute such acknowledgment is both a question of fact and law, and the instructions relating thereto in this case correctly stated the law.

The court gave and also refused to give a very large number of instructions. We have examined all of these with care, and have reached the conclusion that no reversible error was committed by the court in giving or refusing to give them.

Appellants also predicate error in the admission of certain evidence. Most of this evidence refers to the question of acknowledgment prior to the taking effect of the act of 1901, *supra.* For the reasons above stated, there was no error in the admission of this evidence. Other objections

are urged to the admission of evidence, but are not supported by argument.

It is lastly contended that the verdict is not sustained by sufficient evidence, in that the evidence on the question of acknowledgment "would fall far short of making a case, even if the statute were retroactive." Without referring to or setting out the evidence, it is sufficient to say that there is an abundance of evidence in the record to support the general finding of the jury and the special finding, as disclosed by an answer to an interrogatory, that Thomas O. Daggy did during his lifetime acknowledge appellee Lilly as his own child. This being true, and having brought herself within all of the requirements of the statute, as disclosed by the evidence, she is entitled to inherit from her putative father, and the real estate of which he died seized immediately upon his death vested in her.

Judgment affirmed.