MARY C. FARNSWORTH et als., Appellants,

*vs.*

GEORGE F. WHITING et al.

Knox.    Opinion December 18, 1906.

*Administration.    Decree.    Appeal.    Order by Supreme Court of Probate.    R. S., chapter 66, sections 8, 18, 22.*

A certain person who was not of the next of kin, was appointed administrator with the will annexed of the estate of James R. Farnsworth by the Probate Court of Knox County. From this decree an appeal was taken to the Supreme Court of Probate. After hearing in the Supreme Court of Probate, the presiding Justice made the following order: "That the appeal be sustained, and the decree of the Probate Court appealed from be reversed; that the cause be remanded to the Probate Court below for further proceedings in accordance with this decision; and the Judge of the Probate Court below is hereby directed to appoint the said Lucy C. Farnsworth, (one of the next of kin) administratrix, with the will annexed on said estate, if she shall be found by said Judge to be qualified and suitable for the trust, as requested by all those interested in said estate as heirs, devisees or legatees. If for legal and substantial reasons the said Lucy C. Farnsworth is adjudged by him to be unsuitable for said trust, the said Judge of Probate shall commit administration of the estate with the will annexed to another of the said next of kin, or two of them as he thinks fit, if qualified for the trust; but if none of said next of kin are qualified and suitable for said trust, he shall commit the administration on said estate with the will annexed, to such person as he deems suitable."

*Held:* that this order of the Supreme Court of Probate was in accordance with the provisions of the statutes.

See *Farnsworth* v. *Whiting*, ante.

On exceptions by defendants.    Overruled.

Appeal from the decree of the Probate Court, Knox County,

appointing an administrator with the will annexed, of the estate of James R. Farnsworth. This case is an outgrowth of the controversy involved in the preceding equity case, *Mary C. Farnsworth et als.* v. *George F. Whiting et al.*

The case fully appears in the opinion.

*Orville Dewey Baker*, for plaintiffs.

*D. N. Mortland and Rodney I. Thompson*, for defendants.

SITTING: WISWELL, C. J., EMERY, SAVAGE, PEABODY, SPEAR, JJ.

WISWELL, C. J. This case, an appeal from the appointment of an administrator by the Probate Court, is an outgrowth of the controversy involved in the preceding one.

Upon the petition of George F. Whiting and Isabella A. Martin the next of kin of Helen A. Farnsworth, the deceased wife of James R. Farnsworth, Joseph E. Moore, Esq., was appointed administrator with the will annexed of James R. Farnsworth by the Probate Court of Knox County, apparently upon the assumption that these petitioners were interested in his estate as beneficiaries under his will. This assumption was erroneous, as we have seen in the preceding case. From this decree the mother and two sisters of James R. Farnsworth, the deceased, appealed to the Supreme Court of Probate.

After a hearing in that court, the Justice presiding made the following order: "That the appeal be sustained, and the decree of the Probate Court appealed from be reversed; that the cause be remanded to the Probate Court below for further proceedings in accordance with this decision; and the Judge of the Probate Court below is hereby directed to appoint the said Lucy C. Farnsworth administratrix, with the will annexed on said estate, if she shall be found by said Judge to be qualified and suitable for the trust, as requested by all those interested in said estate as heirs, devisees or legatees. If for legal and substantial reasons the said Lucy C. Farnsworth is adjudged by him to be unsuitable for said trust, the said Judge of Probate shall commit administration of the estate with the will annexed to another of the said next of kin, or two of them

as he thinks fit, if qualified for the trust; but if none of said next of kin are qualified and suitable for said. trust, he shall commit the administration on said estate with the will annexed, to such person as he deems suitable." To which ruling and order the appellees alleged exceptions.

There can be no question as to the propriety of this order. By R. S., c. 66, sec. 22, "If there is no person whom the judge can appoint executor of any will according to section eight, or if the only one appointed neglects to file the required bond within the time therein allowed, he may commit administration of the estate, with the will annexed, to such person as he might appoint if the deceased had died intestate." As Helen A. Farnsworth, whose death occurred prior to that of the testator, was the sole executrix named in the will, section eight referred to in the section quoted, is not applicable, it therefore became the duty of the Judge of Probate to appoint "such person as he might appoint if the deceased had died intestate." By section eighteen of the same chapter, administration should have been granted to the next of kin, or to two or more of them, "if the applicants are more than twenty one years old and are in other respects qualified for the trust." There was no adjudication by the Probate Court that the next of kin of James R. Farnsworth, the deceased, were unsuitable for the trust. The order of the Supreme Court of Probate was in accordance with the provisions of the statutes. As no order in relation to costs was made by the Supreme Court of Probate, none will be made upon these exceptions.

*Exceptions overruled.*

*Decree of Supreme Court of Probate affirmed.*