In Re Clarence E. Crowell's Estate.

Cumberland.    Opinion October 1, 1924.

*R. S., Sec. 3, Chap. 80, does not go beyond descent and embraces only rights of inheritance of intestate estates of and for illegitimates. It does not attempt to change the status of an illegitimate to a legitimate. The time and place, whether in this State, another state or country, the provision of the statute "adopts him into his family" takes place are immaterial. The law of the domicil of the decedent in force at the time of his death governs in the succession to and distribution of personal property.*

The statute is of descent pure and simple. Humaneness prompted it, that the severity of the common law, by which an illegitimate had not parents, kin, name, or heirs, except his own lineal descendants, and could not himself inherit, might in some degree be mitigated and the blot of parental sin partially removed from one innocent of responsibility for the unlawful state of his own birth.

On exceptions. This is an appeal from a decree of the Judge of Probate ordering distribution in the estate of Clarence E. Crowell, late of Portland, deceased intestate. Decedent left as survivors a brother, Hiram B. Crowell; a brother, George M. Crowell; a sister, Evelyn C. MacDonough; a half brother, Oscar Crowell; and three children of a deceased half sister, Ambrosine Crowell Vanier. Oscar Crowell and Ambrosine Crowell Vanier were born out of wedlock, having the same parents who after the births of these two illegitimate children which took place prior to March 24, 1864, intermarried and the father adopted the two illegitimate children into his family where he was domiciled in Nova Scotia. The question involved is as to whether the half brother, Oscar Crowell, and the children of the deceased half sister, Ambrosine Crowell Vanier, should inherit personal property from the estate. The presiding Justice in the Supreme Court of Probate dismissed the appeal and sustained the decree of the Probate Court which was in favor of the illegitimate half brother and the children of the illegitimate half sister, deceased,

and exceptions were entered to the ruling. Exceptions overruled, the decree of the Supreme Court of Probate affirmed, and additional costs allowed.

The case is fully stated in the opinion.

*Edward S. Anthoine*, for appellant.

*Edmund P. Mahoney*, for appellees.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DUNN, J. Two children, born out of wedlock in Nova Scotia, were adopted into the family of their father, while he still resided in that land. Whether such adoption conferred the privilege, under R. S. of Maine, Chap. 80, Sec. 3, to share by inheritance in the estate of a child by marriage of the same father, dying intestate domiciled and leaving personalty in this State, is in a rough and general way the question pivotal here.

It is among the provisions of the statute, that if the father of an illegitimate child "adopts him into his family," the child thereby becomes the heir of his father, so it or its issue shall inherit from the father and his lineal kindred "the same as if legitimate."

Archanes Crowell and Isabelle McCollum were British subjects. Illicit cohabitation was begun by them. The fruit of their unlawful intercourse was the two children. Subsequently to the births of the children, about the year 1855, when the parents and children were yet in Nova Scotia, the parents intermarried. The children were adopted into the family and there reared, until the death of their mother in or later than 1860. On the fact of the adoption, which was of no legal significance in Nova Scotia, decision of this case is staked.

Marriage ended widowerhood. The father of the children and his new wife removed to the State of Maine; they had children; the name of one was Clarence.

Clarence was he who died without making a will. His domicil at the time of his death was in Cumberland county. Courts therein, both probate and appellate, decreed favorably to the adopted child then living, and to the surviving children of the child dead, on the distribution of the estate. Appeal in the first instance and exceptions in the next, by a child of the second marriage, brought the cause up. It must go back decided the same as before.

The statute, as is rightly urged, had no extraterritorial force.   It did not purport to have.   Nor did it attempt to transmute from bastardy to artificial legitimation.   Bestowing the status of legitimacy on an illegitimate child is one thing and endowing him with heritable blood is another and distinctly different thing.

Usually a status created in one country is recognized in every other. *Irvin* v. *Ford,* 183 Mass., 448.   On the authority of the New York Court, speaking among other things of inheriting, a person who is legitimate according to the law of the domicil of his parents is legitimate everywhere.   *Olmstead* v. *Olmstead,* 190 N. Y., 458.   Perhaps the statement is a bit broad.   The authorities seem to indicate the principle as general rather than universal.   But however that may be the rule obtains in this jurisdiction.

The converse of what is determinative when legitimacy is the fact, runs the argument designed to uphold the exceptions, governs where illegitimacy is the case, and a child who for that reason is without inheritable capacity by the foreign-domicillary law of his parent, must bear the vicarious stigma and its disqualifying accompaniment in Maine.   But the argument is faulty.   *Hunt* v. *Hunt,* 37 Maine, 333, a decision somewhat extreme in its conclusion, which is confidently but erroneously advanced as sustaining the exceptions, was not based on the present statute.   The Hunt Case is sharply distinguished in *Brewer* v. *Hamor,* 83 Maine, 251.

The succession to and distribution of personal property is regulated, not by the law of the domicil of a decedent's ancestor, but by the law of the domicil of the decedent, in force at the time of his death. *Crofton* v. *Ilsley,* 4 Maine, 134;   *Holton* v. *Bangor,* 23 Maine, 264; *Hughes* v. *Decker,* 38 Maine, 153;   *Gilman* v. *Gilman,* 52 Maine, 165; *Smith* v. *Howard,* 86 Maine, 203;   *Messer* v. *Jones,* 88 Maine, 349; *Philadelphia Trust, etc. Co.* v. *Allison,* 108 Maine, 326;   *Holmes* v. *Adams,* 110 Maine, 167.   The legitimate child inherits by the grace of the law of his decedent's domicil.   Legitimation is not a prerequisite to inheriting and inheriting does not legitimize.   An illegitimate child, albeit the right to inherit is his, remains an illegitimate.   Only one objective is in the statute—heirship of intestate estates to and from illegitimates.   *Lyon* v. *Lyon,* 88 Maine, 395.   The adopting contemplated by our statute, like that purposed by similar statutes, is not as a prospective heir even, but as an illegitimate child.   *Brewer* v. *Hamor,* supra;   In re *Rohrer,* (Wash.), 60 Pac., 122, 50 L. R. A. 350;

In re *Pederson's Estate*, (Minn.), 106 N. W., 958; *Brown* v. *Legion of Honor*, (Iowa), 78 N. W., 73; *Alston* v. *Alston*, (Iowa), 86 N. W., 55; *Townsend* v. *Meneley*, (Ind. App.), 74 N. E., 274, 76 N. E., 321; In re *Garr's Estate*, (Utah), 86 Pac., 757. Humaneness prompted permitting an illegitimate to inherit, that the severity of the common law, by which he had not parents, kin, name, or heirs, except his own lineal descendants, and could not himself inherit, might in some degree be mitigated and the blot of parental sin partially removed from one innocent of responsibility for the unlawful state of his own birth.

The proper contention of these appellees is, that, in the country of their intestate's domicil, they meet the measure of the law controlling the transmission of his estate, not on the ground of status but sufficiently otherwise, and therefore, in virtue of that country's statutory declaration are entitled to inherit.

The statute is of descent pure and simple. *Lyon* v. *Lyon*, supra; *Brisbin* v. *Huntington*, (Iowa), 103 N. W., 144; *Blythe* v. *Ayers*, (Cal.), 31 Pac., 915, 19 L. R. A., 40. That the adoption antedated the enactment of the law is inconsequential. (*Messer* v. *Jones*, supra; *Lawton* v. *Lane*, 92 Maine, 170; *Alston* v. *Alston*, supra; *Daggy* v. *Wells*, Ind. App., 76 N. E., 524; *Townsend* v. *Meneley*, supra; *Moen* v. *Moen*, S. D., 92 N. W., 13); that the adoption was performed abroad is unimportant, (*Morgan* v. *Strand*, Iowa, 110 N. W., 596; *Brisbin* v. *Huntington*, supra; *Caldwell* v. *Miller*, Kan., 23 Pac., 946; *Moen* v. *Moen*, supra; *Blythe* v. *Ayers*, supra), and the laws of Nova Scotia are unrelated to the situation. *Hall* v. *Gabbert*, (Ill.), 72 N. E., 806; *Van Horn* v. *Van Horn*, (Iowa), 77 N. W., 846, 45 L. R. A., 93; Story on Conflict of Laws, Sections 93, 93s.

The exceptions are overruled. The decree of the Supreme Court of Probate is affirmed, additional costs are allowed, and the cause is remanded.

*So ordered.*