SCHLENKER v. FERDON

Ohio Appeals, 1st Dist., Hamilton Co.

Decided March 29, 1926

191. BURDEN OF PROOF—Where illegitimacy is alleged, the burden of proof is upon him who alleges and must be established by clear and convincing proof.

887. PARTIES—Court's finding in divorce action cannot direct succession to property as affecting rights of children, not parties to the action.

CUSHING, J.

Albert Daiker, administrator de bonis non of the estate of George Ferdon, deceased, brought an action in the Hamilton Common Pleas, seeking instructions as to whether Nellie Schlenker or Stanley Ferdon was entitled to the property in his possession as administrator. Nellie Schlenker was a sister of the deceased, and Stanley Ferdon, a son.

Schlenker claimed she was the sole heir at law of George Ferdon deceased, whoch was denied by Ferdon who claimed to be the sole heir at law. She denied that Ferdon was the son of the deceased and pleaded, by way of cross-petition that George Ferdon deceased, obtained a divorce from Martha Ferdon in 1905 on account of her aggression.

It seems that there were two divorces between the parties, one on Sept. 28, 1901 was granted to Martha Ferdon. The parties remarried in March 1903 and lived together until July 1903, when the separated. Stanley Ferdon was born in December 1903. The sec-

ond divorce was granted George Ferdon on May 1905, on the grounds of gross neglect of duty, extreme cruelty and adultery. The judgment of the Common Pleas court in the present action, was in favor of Stanley Ferdon. Schlenker prosecuted error and the Court of Appeals held:

1. The question is whether or not Stanley Ferdon is bound by the finding of the Court of Common Pleas in 1905; that there was no issue born the fruit of the marriage.

2. The jurisdiction of the court of Common Pleas in divorce cases is defined by statute and is limited to the question at issue as between the plaintiff and the defendant.

3. Although the court has continuing jurisdiction to provide for support, maintenance and custody of a child, children are not proper parties, nor can they be made proper parties in such an action.

4. A judgment or finding in a divorce case cannot direct the course of succession of title to property, as affecting rights of children not parties.

5. Such judgment is ultra vires and void and may be attacked in a collateral proceeding.

6. Where legitimacy of a child is questioned, the burden of proof is upon the one alleging illegitimacy, in this case upon Nellie Schlenker, and the illegitimacy must be established by clear and convincing proof.

7. The undisputed evidence is to an effect that the parties cohabitated, the child was born within the limit of the period of gestation and is the son of George Ferdon.

Judgment affirmed.

Attorneys—Walter A. Ryan and Wm. C. Lambert for Schlenker; Simeon M. Johnson for Ferdon; all of Cincinnati.