## CRUTCHER'S HEIRS et al.

### v.

### TILFORD et al.

Court of Appeals of Kentucky.

June 25, 1954.

Anderson & Byrd, Ottawa, Kan., for appellants.

Thomas H. Young, Louisville, Elmer Drake, and Virgil Fowler, Lexington, for appellees.

MILLIKEN, Judge.

This is an appeal from a declaratory judgment determining who is to receive the property of Hattie Parker Crutcher, a Negro, who died intestate leaving an estate of $13,126.01. Hattie was the illegitimate daughter of Delilah Parker, deceased.

The main problem arises through the fact that Delilah, the mother of Hattie, was also an illegitimate child. Delilah was the daughter of Lewis and Malinda (or Lucinda) King who, although unmarried, bore Delilah and five other children. Lewis King, however, had been legally married to Mary King prior to his relationship with Malinda, and four children had been born to Lewis and Mary. The trial court decided that the estate should be distributed among the descendants of Lewis and Malinda, and not among the descendants of Lewis and Mary. The descendants of Lewis and Mary appeal from this determination.

The only question on this appeal is whether the judgment of the trial court was correct in excluding from inheritance those who were related to the decedent only through a common father.

228

The governing statute, KRS 391.090(1), provides

"The estate of a bastard shall descend and be distributed in the same manner as that of a person born in lawful wedlock, except that the inheritance shall go to the mother and her kindred and not to the father and his kindred."

It is appellants' contention that the word "kindred" as used in KRS 391.090(1) includes the descendants of the deceased mother's half-brothers and half-sister. For this proposition the appellants cite Messer v. Jones, 88 Me. 349, 34 A. 177, wherein the Maine court said that the word "kindred" in Pub.Laws 1887, c. 14, authorizing a bastard child to inherit from its parents, or their lineal and collective kindred, is not confined to lawful kindred, but is to be construed, in connection with the subject of the statute, to include actual kindred. Further, appellants contend that once the mother's kindred are ascertained, whether legitimate, illegitimate, of the half-blood or whole blood, or otherwise, the estate vests, and the prohibition against the estate passing to the father of the bastard or his kindred has been satisfied, and has no further application; the estate of the bastard has already gone to the mother and it cannot be read into the statute that the mother's kindred must be of the whole blood or legitimate.

On the other hand, appellees state that the half-brothers and half-sister are kindred only by reason of a common father. In the case of Sutton v. Sutton, 87 Ky. 216, 8 S.W. 337, this court interpreted a previous statute, which was similar to the one now in effect on the point with which we are here concerned, and held that a bastard has no brothers or sisters except the illegitimate children of the same mother. Under the present statute, this rule was extended so that children of the same mother, whether legitimate or illegitimate, may inherit from each other. Stevenson v. Washington's Adm'r, 231 Ky. 233, 21 S.W.2d 274.

The purpose of KRS 391.090(1) is to keep illegitimate childrens' estates in the hands of the mothers' kindred, thereby excluding the fathers'. And it should be noted that had Delilah been alive at the time of her daughter's death, the estate would have passed to her and her kindred by the very terms of the statute. The descendants of Lewis and Mary could not have claimed through Lewis in that event, and their positions are not substantially changed here.

The judgment is affirmed.