[No. 33781.   Department Two.   December 13, 1956.]

*In the Matter of the Estate of* ROBERT E. BAKER, *Deceased.*
LOUISE F. WORTHEN, *Respondent,* v. ROSIE WEAVER, *et al.,*
*Appellants.*[1]

*Acheson & Smith* and *Mark Litchman, Jr.,* for appellants.

*Wright, Booth & Beresford, for respondent.*

OTT, J.—This is an appeal from an order adjudicating the respondent to be an heir of the decedent and pretermitted

[1] Reported in 304 P. (2d) 1051.

by the terms of decedent's will. The principal assignment of error is that the evidence failed to establish that respondent had met the requirements of RCW 11.04.080 [*cf.* Rem. Rev. Stat., § 1345] relating to inheritance.

We are asked to construe RCW 11.04.080 which reads in part:

"Every illegitimate child shall be considered as an heir of the person who has in any written document, *signed in the presence of a competent witness,* acknowledged himself to be the father of such child." (Italics ours.)

The documentary evidence consisted of some thirty letters and postcards which the decedent, Robert E. Baker, had written and in which he had referred to the respondent as his daughter and to himself as her father. There was no evidence that any of these letters or postcards had been signed in the presence of a witness. A witness testified that, on one occasion, the decedent had shown her a letter addressed to the respondent (which was not written or signed in the presence of the witness) and signed, "your darling father, Bob Baker."

The court found that this letter, together with the decedent's display of it, constituted a substantial compliance with the statute and that, hence, respondent was an heir of the deceased.

In order for an illegitimate child to establish heirship, the statute requires that there must be (1) a written document in which the signer acknowledges paternity of the child, and (2) that the document must be signed in the presence of a competent witness.

The wording of the statute is plain and unambiguous. We have held that, where there is no ambiguity in the statute, there is nothing for the court to interpret. *Public Hospital Dist. No. 2 of Okanogan County v. Taxpayers of Public Hospital Dist. No. 2 of Okanogan County,* 44 Wn. (2d) 623, 624, 269 P. (2d) 594 (1954), and case cited.

RCW 11.04.080 is an inheritance statute. Under the common law, and without such a statute, an illegitimate child has no right of inheritance from the estate of his

father. *Wasmund v. Wasmund*, 90 Wash. 274, 156 Pac. 3 (1916). The legislature has determined that, in order for such a child to qualify for inheritance, there must be a written document acknowledging paternity, signed in the presence of a competent witness. There is nothing in the act to indicate that the legislature intended to permit an illegitimate child to inherit, where the acknowledgment of paternity is in any form other than that prescribed by statute. To construe the statute otherwise, would be tantamount to reading into the law provisions which the legislature did not see fit to enact. Courts will not read into a statute something which is not there.

In the case of *In re Gorkow's Estate*, 20 Wash. 563, 56 Pac. 385 (1899), we stated:

"The acknowledgment in writing need not be made by any formal instrument in writing or by any attesting and subscribing witness; but an instrument in writing, *written in the presence of competent witnesses,* is a compliance with the statute." (Italics ours.)

In the case of *In re Rohrer's Estate*, 22 Wash. 151, 60 Pac. 122 (1900), we held that the signing of a complaint, acknowledged before a notary public and another person, was a signing in the presence of a competent witness and a sufficient compliance with the statute.

In the cited cases, the written document was signed in the presence of a competent witness in each instance.

█ In the case at bar, none of the written documents relied upon was signed in the presence of a competent witness. The respondent failed to establish a right to inherit under the law.

The judgment is reversed, and the cause remanded with instructions to dismiss respondent's petition.

DONWORTH, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

---

January 11, 1957. Petition for rehearing denied.