IN RE JOYCE ESTATE

Hancock.   Opinion, August 16, 1962.

*Herbert T. Silsby,* for the appellant.

*H. W. Blaisdell,* for the appellee.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.   DUBORD, J., did not sit.

WEBBER, J.   On report.   On the petition of Liela M. Banks alleging herself to be the niece and only next of kin of the late Sherman Joyce, Sr., her nominee was duly appointed administrator by the Probate Court.   This appointment was opposed by Sherman Joyce, Jr. who asserts that he is the illegitimate son of Sherman Joyce, Sr. and was constituted his lawful heir by the affirmative acts of the father.   An appeal to the Supreme Court of Probate has been reported to the Law Court for its decision on so much of the evidence as is legally admissible.

There is no adjudication below that Sherman Joyce, Jr. is under age or unsuitable for the trust and the parties recognize that if he is the next of kin, this appeal must be sustained. R. S., Chap. 154, Sec. 19; *Farnsworth, Appellant* v. *Whiting*, 102 Me. 303; *Messer* v. *Jones*, 88 Me. 349.

There is ample proof of the paternity but where rights of inheritance are involved more must be shown. R. S., Chap. 170, Sec. 3 provides the means by which the father may establish the rights of inheritance for his illegitimate son. He may (a) marry the mother of the child or (b) in writing acknowledge before a justice of the peace or notary public that he is the father or (c) adopt him into his family. Since neither (a) nor (b) occurred in the instant case the issue is whether or not Sherman Joyce, Jr. was adopted by his father into his family within the meaning and intendment of the statute.

"Only one objective is in the statute — heirship of intestate estates to and from illegitimates. * * * The statute is of descent pure and simple." *Crowell's Estate*, 124 Me. 71, 73, 74; *Lyon* v. *Lyon*, 88 Me. 395, 404. The issue as to whether or not the father has performed any one of the affirmative acts necessary to constitute the appellant his heir must not be beclouded by that instinctive sympathy which is felt for the innocent sufferer from another's wrongdoing. Knowledge that any illegitimate child ordinarily suffers many social and economic deprivations cannot be permitted to govern a decision dealing with the orderly descent of property. Even though there has been a trend toward modification of the strict rules of the common law dealing with the rights of inheritance of illegitimate children, "there has always existed a requirement of some positive act on the part of the putative father in order to make such illegitimate child heir of the father." *Messer* v. *Jones*, 88 Me. 349, 354.

It may be noted that even the legitimate child has no absolute right to take a share of the property of the parent.

The making of a will in proper form may eliminate him as a beneficiary. Whereas the legitimate child may be deprived of any share of the estate by an affirmative act of the parent, the illegitimate child will be deprived *unless* an affirmative act is performed. Viewed in this light the requirements of the statute are not as harsh or discriminatory as at first sight they might appear.

In the instant case the father never married. For many years he occupied a home with his maiden sister. After her death he lived alone. The son was brought up by the maternal grandmother and resided in her home. Thereafter his work took him to other parts of the country and in time he married and established a home of his own in another state.

The meaning of the phrase "adopts him or her into his family" has not heretofore been determined in this state. The word "family" has an elastic and somewhat varied meaning. *Harry Scott's Case,* 117 Me. 436, 441. That a single man living alone in his own home may constitute a "family" into which the illegitimate child may be adopted has been recognized. *In Re Jones' Estate* (1913), 135 P. (Cal.) 288, 290; *In Re Buffington's Estate* (1934), 38 P. (2nd) (Okla.) 22; *In Re Baird's Estate* (1924), 223 P. (Cal.) 974, 996; *In Re Gird's Estate* (1910), 157 Cal. 534, 108 P. 499, 504. But even accepting this liberal definition of the word "family" as used in this statute, we are constrained to hold that no such adoption took place in the instant case. The undisputed evidence reveals that never at any time while Sherman Joyce, Sr. occupied his home with his sister or while he lived there alone after her death did he take his son into his home to reside there even for a brief period. The father never assumed the care and support of his child. Although the relationship between father and son grew warmer and more cordial during the last years of the father's life, it never ripened into that close and inti-

mate family relationship which the statute requires. Sherman Joyce, Sr. could have executed a will making his son a beneficiary, or he could have taken any one or more of the steps required by the statute if the illegitimate child is to be constituted an heir. Although near the end of his life he seems to have felt some regret for his treatment of his son, he was not sufficiently motivated thereby to take any affirmative action with respect to the descent of his property. Under these circumstances the Probate Court could not do otherwise than to recognize the claim of the niece as next of kin.

*Appeal denied.*

*Decree of Probate Court affirmed.*