Joan E. BUZZELL

v.

Omar C. BUZZELL.

Supreme Judicial Court of Maine.

Dec. 1, 1967.

Bartolo M. Siciliano, Dexter, for plaintiff.

John L. Easton, Jr., Dover-Foxcroft, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEBBER, Justice.

With complaint for divorce pending, the plaintiff filed a motion for custody of a minor child and support for herself and said child pending hearing on the complaint, and for. costs and counsel fees to enable her to prosecute the proceedings. The motion alleges in part:

"2. That one child has been born to said Plaintiff prior to her said marriage to the said defendant, parentage of which is claimed by the said defendant, possession of which child the said defendant has refused to deliver to the said plaintiff; IN THE ALTERNATIVE, if this

Court deems that said child is the lawful child of said defendant, that one child has been born to said plaintiff and defendant of their said marriage, to wit: Mona Lisa Buzzell, age three years;."

The prayers of the motion are also stated in the alternative in this form:

"That said defendant be ordered to return possession of said child to said plaintiff; IN THE ALTERNATIVE, if this Court deems that said child is the lawful child of said defendant, (then follow prayers for custody, support of child, support of plaintiff, freedom from restraint, costs and counsel fees)."

Conspicuously absent from the averments of this motion is any direct, positive factual allegation as to the paternity of this child.

Hearing on this motion being had, at which we may fairly assume from the record both parties were represented, the Justice below made certain preliminary findings, as follows:

"1. The parties were married May 13, 1966.

2. The said Plaintiff was previously married to another person, deceased June fourteenth, 1964, having been married to him on January 28, 1954.

3. The minor child, whose custody is here in issue, was conceived prior to the death of the Plaintiff's deceased husband, but was born subsequent to his death, namely, August 29, 1964, and prior to the Plaintiff's marriage to the defendant.

4. The Defendant offers to prove, subject to objection, by evidence outside of the testimony of the plaintiff, that the deceased husband had non-access to the Plaintiff when said child was conceived, and that the Defendant is, in fact, the father of said child.

5. The parties have not adopted said child.

6. Title 18, Section 1003, M.R.S.A., provides as follows: 'A child born out of wedlock is the heir and legitimate child of his parents who intermarry.' The Defendant relies on this Statute as a basis of the Court's jurisdiction over the minor child under the pending motion. The Plaintiff denies that the Statute is applicable to this situation."

The parties agreeing thereto, the Court then ordered the matter reported to the Law Court pursuant to M.R.C.P. Rule 72(a).

■ The sole issue here is the jurisdiction of the court to determine the care, custody and support of a minor child pending hearing on a complaint for divorce. Such jurisdiction does not depend upon and is not related to the provisions of 18 M.R.S.A. Sec. 1003. That statute which appears as part of a Title dealing with "Decedents' Estates and Fiduciary Relations" is an inheritance statute and has always been so understood and interpreted. In Re Joyce's Estate (1962) 158 Me. 304, 305, 183 A.2d 513; Crowell's Estate (1924) 124 Me. 71, 126 A. 178; Lyon v. Lyon (1896) 88 Me. 395, 34 A. 180. Other statutes may deal with other rights and interests of illegitimate children. As was noted in Wellington v. Corinna (1908) 104 Me. 252, 262, 71 A. 889, "In this state there are distinct and separate statutes concerning illegitimate children, one relating to their pauper settlement and another relating to their rights of inheritance." 22 M.R.S.A. Sec. 4451(3) deals with the legitimation of children with respect to pauper settlement. 19 M.R.S.A. Sec. 251 et seq. deal with the initiation and prosecution of a filiation proceeding and thus deal with still another aspect of the rights and obligations owed to illegitimate children. The right of the minor child to inherit is not in issue in the instant case and 18 M.R.S.A. Sec. 1003 has no application.

■■ It by no means follows, however, that the court is without jurisdiction to deal with the care, custody and support of

this child. The controlling statute is 19 M.R.S.A. Sec. 693 which provides in pertinent part: "Pending a divorce action, the court may * * * enter such decree for the care, custody and support of the minor children as the court deems proper." Similar language is employed in Sec. 752 wherein it is provided: "The court making an order of nullity or of divorce may make an order concerning the care, custody and support of the minor children of the parties * * *." The language is broad as is the jurisdiction of the court. There is no narrow and restricted limitation to "legitimate" children or to children born "to," "of" or "during" the "marriage." Such words or phrases, if present, might require interpretation. The Legislature having wisely omitted them in order to vouchsafe to all "minor children" of divorcing parents the full protection of the court, it is only necessary for the court to determine that there are in fact "minor children of the parties" who require that protection.

■ Consideration of the historical background of this legislation supports our conclusion. As already noted, Sec. 752 empowers the court to make decrees concerning the care, custody and support of the "minor children of the parties" when making an order "of nullity or of divorce." The statutory provisions covering divorce and annulment have been combined throughout the many revisions of the statutes in a single comprehensive plan of laws pertaining to the dissolution of marriage. As early as 1841 the revision of that year contained in Ch. 89, Sec. 27 language pertaining to the "custody, care and maintenance of the minor children of the parties" applicable in both cases of "dissolution" (annulment) and "divorce" which was not essentially dissimilar to the language of Sec. 752. In annulment proceedings the children of the parties are by the terms of Sec. 633 deemed illegitimate when the dissolution of the marriage is "on account of the consanguinity or affinity of the parties," but are deemed the "legitimate issue of the parent capable of contracting marriage" when the

dissolution stems from "nonage, mental illness or idiocy." Yet Sec. 752 makes no such distinction. It is therefore apparent that the Legislature has consistently used the phrase "minor children of the parties" in the custody and support sections to mean both legitimate and illegitimate children. We conclude that the illegitimate child of parties who intermarry is within the meaning of the word "children" as used in Secs. 693 and 752.

■ It is necessary to keep clearly in mind that the issues tendered in such a case as this are care, custody and support of minor children and the welfare of the child is the controlling fact. Dumais v. Dumais (1956) 152 Me. 24, 27, 122 A.2d 322. Courts have unfailingly recognized that in annulment and divorce proceedings involving the protection of children, the court may be called upon to resolve a factual issue with respect to paternity, but they have hastened to point out that such an issue is secondary and incidental to the main issue. Moreover, it has been almost universally held that a determination with respect to paternity in such a case, the child not being a party, is not binding upon the child in any later action brought by him or in his behalf involving his legitimacy or rights of inheritance. Anno. 65 A.L.R.2d 1381 and cases cited; In re Julian's Estate (1959) 184 Kan. 94, 334 P.2d 432, 436 (holding res judicata as to father but not as to child); State ex rel. Evertson v. Cornett (1964) 391 P.2d (Okl.) 277, 281; Laumeier v. Laumeier (1925) 308 Mo. 201, 271 S.W. 481, 486 (paternity a proper collateral issue where main issue is support); Pilgrim v. Pilgrim (1947) 118 Ind.App. 6, 75 N.E.2d 159, 162; see Groulx v. Groulx (1954) 98 N.H. 481, 103 A.2d 188 (evidence bearing on paternity proper where issue is custody and support); Parker v. Parker (1951) 107 Cal.App.2d 215, 236 P.2d 828 (husband asserting his paternity in divorce proceeding); Shatford v. Shatford (1949) 214 Ark. 612, 217 S.W.2d 917, 920 (not res judicata as to child); Daniels v. Daniels (1956) 143 Cal.App.2d 430, 300 P.2d 335;

Ryke v. Ream (1931) 212 Iowa 126, 234 N.W. 196 (divorce decree not res judicata as to child) ; Schlenker v. Ferdon (1926) 21 Ohio App. 222, 153 N.E. 113; contra as to res judicata Richardson v. Borders (1932) 246 Ky. 303, 54 S.W.2d 676, 87 A.L.R. 196 (criticized in Anno. 87 A.L.R. 205, 206). We are satisfied that the authorities fully support the text in 24 Am.Jur.2d 996, Sec. 876 which states in part: "Whenever the issue is material to some other issue in a divorce action the divorce court has jurisdiction to determine whether the husband is the father of a child of the wife * * *. For example, where the wife applies in a divorce action for an allowance for the support of a child, and the husband asserts, as a defense to the application, that he is not the father of the child, the court obviously has jurisdiction of the question of child support, and it has the further jurisdiction to determine whether the husband is the father of the child. Moreover, where there are conflicting claims to the custody of a child in a divorce action, and the mother is entitled to custody if the child is illegitimate or if the husband is not the father of the child, the court may adjudicate the issues of paternity and legitimacy *as an incident to* the divorce action." (Emphasis supplied.)

■■■ There is a primary issue of care, custody and support and a secondary or incidental issue of paternity. The pleadings should tender or resolve the incidental issue. As already noted, the pleadings here do not as yet perform that function. They make known that the defendant asserts his paternity but fail to show whether the plaintiff admits or denies the claim. The proper procedure is indicated in the text found in 24 Am.Jur.2d 997, Sec. 877: "If a party wants a divorce court to determine the paternity or legitimacy of a child of the wife, the issue should be raised clearly by proper pleadings. If the mother of a child born before the marriage sues for a divorce, alleging that the child is a child of the marriage, and she prays for custody and support, paternity is potentially in issue. If the husband admits the allegation the issue disappears: but if the husband denies the allegation the issue is formally raised and must be tried." We need only add that where, as here, the husband asserts that a child is a "minor child of the parties", to use the statutory phrase, the plaintiff should be required to amend or supplement her pleading in such manner as to raise the issue or cause it to disappear. If in truth and in fact the parties are in agreement that the defendant is the father of the child, the court may take this fact into account as he addresses the primary issue and determines what orders for care, custody and support will best assure the welfare of the child.

■■■ If on the other hand the plaintiff elects to so plead as to tender an issue as to paternity, she will be aided initially by the presumption of legitimacy. This child, having been conceived at a time when plaintiff was married to her former husband, now deceased, is presumptively the child of that marriage. As we have held, the presumption is rebuttable but only by proof beyond a reasonable doubt. Ventresco v. Bushey (1963) 159 Me. 241, 251, 191 A.2d 104, 109.

The court below should require the parties to frame the issues by appropriate pleadings and should then, pursuant to 19 M.R.S.A. Sec. 693 and after further hearing, make such orders as may be necessary with respect to any children found by him to be minor children of the parties.

Remanded to the Superior Court for further proceedings in accordance with this opinion.