**2008 ME 49**

**Tracy NELSON et al.**

v.

**DUBOIS LIVESTOCK et al.[1]**

Supreme Judicial Court of Maine.

Argued: Feb. 14, 2008.
Decided: March 18, 2008.

William H. Childs, Esq. (orally), Childs, Rundlett, Fifield, Shumway & Altshuler, LLC, Portland, ME, for Tracy Nelson and Michelle James.

David P. Silk, Esq., Joanna Wyman, Esq. (orally), Curtis Thaxter Stevens Broder & Micoleau, LLC, Portland, ME, for Dawn Manning.

Panel: SAUFLEY, C.J.,* and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Tracy Nelson and Michelle James, in their capacities as personal representatives of the Estate of Jean Paul St. Amand, appeal from a judgment entered in

---

1. For the sake of clarity, we have retained the case caption *"Nelson et al. v. Dubois Livestock et al."* The issues on appeal, however, involve disputes between the Estate of Jean Paul St. Amand and Dawn Manning.

* Although not available at oral argument, Chief Justice Saufley participated in this opinion. *See* M.R.App. P. 12(a) (stating that a "qualified justice may participate in a decision even though not present at oral argument").

the Superior Court (York County, *Fritzsche, J.*) ordering that one-third of the settlement proceeds resulting from the Estate's wrongful death claim be paid for the benefit of Debra Callison, a minor child of St. Amand who was unknown to the Estate when the wrongful death complaint was filed.[2]

[¶ 2] Nelson and James argue that Callison is not entitled to a share of the suit's proceeds because (1) Maine's wrongful death statute, 18–A M.R.S. § 2–804 (2007),[3] was not intended to include children who were unknown to the personal representatives at the time the suit was filed; and (2) allowing Callison to share in the proceeds of the suit would violate the common law rule that an illegitimate child who had never been acknowledged by her father could not share in the father's estate.[4]

■■■ [¶ 3] We cannot agree with Nelson and James that 18–A M.R.S. § 2–804 precludes children in Callison's position. Absent some ambiguity, we construe statutory language to convey its plain and ordinary meaning. *FPL Energy Maine Hydro LLC v. Dep't of Envtl. Prot.*, 2007 ME 97, ¶ 12, 926 A.2d 1197, 1201. The wrongful death statute plainly states: "[T]he amount recovered in every [wrongful death] action, except as otherwise provided, is for the exclusive benefit of the surviving spouse if no minor children, and of

the children if no surviving spouse. . . ." 18–A M.R.S. § 2–804(b). Because the statute is clear that all minor children of a decedent are included as beneficiaries of a wrongful death suit, Debra Callison must be included as a beneficiary of this suit.

[¶ 4] The argument that allowing Callison to benefit from the suit would violate traditional common law principles that foreclosed an unacknowledged child born out of wedlock from sharing in her father's estate is also without merit. *See generally In re Joyce's Estate*, 158 Me. 304, 183 A.2d 513 (1962) (stating the common law rule). Such common law principles were clearly abrogated in Maine when the current Probate Code was enacted. *See* 18–A M.R.S. § 2–109(2) (2007); *see also* 19–A M.R.S. § 1503 (2007). Current law is unequivocal that children, whether born in or out of wedlock, enjoy the same legal rights unless a statute expressly directs otherwise. 19–A M.R.S. § 1503. We recognize that the precise controversy presented by the circumstances in this case may not have been explicitly contemplated by the Legislature when the wrongful death statute was enacted. Nonetheless, we decline to return to long-abandoned and anachronistic common law doctrines to resolve a question that the plain language of the current statute adequately addresses.

[¶ 5] For the foregoing reasons, we discern no error on the part of the Superior Court.

---

2. Nelson and James brought this suit, and take this appeal, in their capacity as personal representatives of the Estate. From the tone of their arguments, however, it appears that Nelson and James have viewed themselves throughout this litigation simply as parents and next friends of their children, Julia and Scott St. Amand. We take this opportunity to reiterate that personal representatives owe fiduciary duties, including the duties of care and loyalty, to all heirs of the estate, and are solely responsible for safeguarding and managing the estate's property. *See* 18–A M.R.S. § 3–703 (2007).

3. Title 18–A M.R.S. § 2–804 has since been amended. P.L. 2007, ch. 280, § 1 (effective Sept. 20, 2007) (codified at 18–A M.R.S. § 2–804 (2007)).

4. Nelson and James also argued both that Callison waived her right to benefit from the wrongful death suit and that she should be equitably estopped from seeking a share of the proceeds. We are not persuaded by these arguments and do not address them further.